ALD-205                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1189
_____

UNITED STATES OF AMERICA

v.

ANDREW COX

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 2-11-cr-00099-001)
District Judge:  Honorable Claire C. Cecchi

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 4, 2017
Before:  MCKEE, JORDAN and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 15, 2017)
_____

OPINION*
_____

PER CURIAM

Andrew Cox, a federal prisoner proceeding pro se, appeals from the District

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Court's order dismissing a number of his post-sentence motions in his criminal case. We

have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. For the following

reasons, we will summarily affirm the District Court's order.

I.

In 2011, Cox pleaded guilty in the United States District Court for the District of

New Jersey to six counts of knowingly distributing child pornography in violation of 18

U.S.C. § 2252A(a)(2)(A). He later moved to withdraw his guilty plea, but the District

Court denied the motion and sentenced him to 262 months in prison, followed by five

years of supervised release. This Court affirmed.

Thereafter, Cox began to inundate the District Court with pro se motions. The

court denied a group of these motions in July 2014,[1] but Cox continued to press the court

for various forms of post-judgment relief. For instance, Cox moved the District Court to

remove the AUSA from his case, to recuse District Judge Cecchi, to grant a writ of

mandamus against the Clerk of this Court, and for leave to file a motion to vacate his

sentence under 28 U.S.C. § 2255.[2] He also filed a number of motions challenging his

---

[1] In its July 2014 order, the District Court advised Cox that he would not be permitted to submit any additional motions without prior leave of court. Upon review, we vacated the District Court's order on the ground that it had imposed the anti-filing injunction without affording Cox notice and an opportunity to respond. To date, the District Court has not imposed a new injunction.

[2] Cox filed a pro se motion pursuant to 28 U.S.C. § 2255 in January 2016, but the Clerk later administratively terminated the proceedings pending Cox's completion of the court-issued § 2255 form. (D.N.J. Civ. No. 2:16-cv-00345, Doc. No. 12.) The administrative

2

conviction and sentence. In an order entered January 6, 2017, the District Court denied each motion.

Cox now appeals from the District Court's order and moves this Court for summary action. He also moves the Court for immediate release, and to "recuse" the Assistant United States Attorney assigned to this appeal. The Government opposes Cox's requests and moves for summary affirmance of the District Court's order. The Government further moves the Court to bar Cox from filing any additional motions or documents in this Court without prior permission.

## II.

In his motion for summary action, Cox primarily challenges the District Court's rulings on his efforts to remove Judge Cecchi from his case. We have reviewed Judge Cecchi's analysis of his motions for recusal, and, for substantially the reasons that she stated, we agree that the motions were meritless. See, e.g., In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) (explaining that recusal is warranted when a judge's impartiality might reasonably be questioned). To the extent Cox's recusal motion simply took issue with the judge's rulings, such complaints are not a basis for recusal. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). Furthermore, insofar as Cox sought to transfer his case out of Judge Cecchi's court by invoking Rule 21(a) of the Federal Rules of Criminal Procedure, this Rule permits a court

---

termination was without prejudice to Cox's ability to reopen the matter pending compliance with the Clerk's order.

3

to transfer a criminal trial to a different venue, and Cox's trial has already taken place. See Fed. R. Crim. P. 21(a).

Cox also repeatedly complains that Judge Cecchi "vindictively" refused to exercise jurisdiction over his case. We have carefully reviewed the record, however, and confirm that the District Judge promptly considered each of Cox's motions, and clearly stated on the record her reasons for denying relief. Therefore, this argument is frivolous.

Lastly, to the extent that Cox continues to object to the validity of the indictment in his underlying criminal case and other matters concerning his arrest and prosecution, the District Court properly advised Cox that such challenges to his conviction and/or sentence must instead be raised in his motion pursuant to 28 U.S.C. § 2255 now pending in the District Court.[3]

## III.

For these reasons, we conclude that no substantial question is presented by this appeal. Accordingly, we grant the Government's motion to summarily affirm the District Court's order, and deny Cox's motion. See Third Cir. LAR 27.4 and I.O.P. 10.6. We also deny Cox's motions and notices asking us to deem his allegations against the Government admitted due to its failure to address them. His related requests to remove the assigned AUSA from the appeal are also denied. Cox's motions for release from custody pending the resolution of this appeal are denied, too.

---

[3] We recognize the Government's contention that Cox's claims are also barred by the terms of his plea agreement, but note that this argument is better suited to Cox's § 2255 proceedings.

Lastly, we deny the Appellee's request to bar Cox from filing further papers without leave of court. We note that this ruling does not prevent the District Court from considering whether to re-impose its filing injunction against Cox, provided that it gives him notice and an opportunity to respond.