BLD-117                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3451

_____

UNITED STATES OF AMERICA

v.

ANDREW COX
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 2-11-cr-00099-001)
District Judge:  Honorable Claire C. Cecchi

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 28, 2019
Before:  AMBRO, KRAUSE, and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 13, 2019)
_____

OPINION[*]
_____

PER CURIAM

    Andrew Cox is a federal prisoner proceeding pro se.  In 2011, Cox pleaded guilty

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

in the United States District Court for the District of New Jersey to six counts of knowingly distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). He was sentenced to 262 months in prison, followed by five years of supervised release. This Court affirmed.

Thereafter, Cox began to inundate the District Court with pro se post-judgment motions. To date, he has filed nearly sixty motions in the District Court, all of which the Court denied or dismissed, and we have affirmed the District Court's rulings in numerous appeals. See, e.g., C.A. Nos. 14-4467; 14-4196; 14-3793; 14-3687; 14-3556; 14-2862; 14-2799.

As relevant here, on January 6, 2017, the District Court entered an order denying or dismissing more than twenty pending motions, including: Cox's motion to recuse Judge Claire C. Cecchi; his motion "to correct criminal docket frauds;" his related motion to "recuse" Assistant United States Attorney Shana W. Chen; and his motion for a change of venue. Upon review, we summarily affirmed the District Court's rulings. United States v. Andrew Cox, 692 F. App'x 85 (3d Cir. 2017) (not precedential).

Cox then returned to the District Court and filed four new motions seeking the same relief. The District Court denied these motions by order entered October 11, 2018. Cox timely appealed.

2

We will again summarily affirm the District Court's order because this appeal fails to present a substantial question.[1] See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam). For substantially the reasons stated in our prior opinion and by the District Court below, we see no error in the District Court's disposition of these motions. Specifically, we agree with the District Court's denial of Cox's recusal motion because he failed to demonstrate that Judge Cecchi's impartiality might reasonably be questioned. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003); Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000).

Next, we see no error in the District Court's dismissal of Cox's "motion to correct criminal docket frauds," given that, as the District Court noted, he raised this issue in his currently pending § 2255 proceedings. We also agree with the District Court that Cox failed to provide any support for his claim that AUSA Chen knowingly failed to correct the alleged docket manipulation. Furthermore, to the extent that Cox's allegations against AUSA Chen concern the validity of the indictment, the sole means for challenging his conviction is by way of § 2255.

Lastly, the District Court did not err in denying Cox's request to transfer his case out of her court under Rule 21(a) of the Federal Rules of Criminal Procedure, as that Rule permits a court to transfer a criminal trial to a different venue, and Cox's trial has already taken place.

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

We have considered Cox's remaining arguments and conclude that they are meritless. Accordingly, because no substantial question is presented by this appeal, we will summarily affirm the District Court's order. <u>See</u> Third Cir. LAR 27.4 and I.O.P. 10.6. The Government's request to bar Cox from filing any additional motions or documents in this Court without prior permission is denied. This ruling does not prevent the District Court from considering whether to re-impose its former filing injunction against Cox. Furthermore, the Court notes this appeal appears to be part of a pattern of Cox filing duplicative and frivolous motions in the District Court and then appealing the denial of those motions. Cox is warned that he will be subject to sanctions by this Court, including fines and loss of filing privileges, if he continues to file frivolous motions and appeals.